# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA
             Plaintiff,

         v.                                              Case No. 09-CR-248

RYAN McMORRIS
             Defendant.

## DECISION AND ORDER

Defendant Ryan McMorris moves, pro se, for an order terminating his federal supervised release. For the reasons that follow, his motion will be denied.

### I.

On May 13, 2011, I sentenced defendant to 120 months in prison, running concurrently with a state sentence, followed by 5 years of supervised release, on his guilty plea to drug trafficking charges. (R. 1104.) He completed his prison sentences and commenced supervision in April 2024. On January 7, 2025, I took no action in response to a compliance report alleging drug use and missed urinalysis testing, agreeing with the probation office's recommendation that defendant be permitted to continue participating in substance abuse treatment. (R. 1754.) On February 26, 2026, I issued a warrant to act as a detainer following defendant's arrest on new state drug trafficking charges. He is currently detained in the Racine County Jail awaiting trial on those charges. (R. 1755.)

In the instant motion, sent from the Racine County Jail, defendant states that since his release he has worked to comply with all conditions of supervision and made every effort to live a stable and productive life. He further contends that he has followed the rules set by the court

and his probation officer. Finally, defendant indicates that he remains under state extended supervision for another eight years. He seeks termination of federal supervision so he may continue moving forward with his life while remaining complaint with his state supervision. (R. 1756.)

## II.

The court may grant early termination of supervised release "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). The district court possesses wide discretion in making this determination. United States v. Hook, 471 F.3d 766, 771 (7th Cir. 2006). In exercising that discretion, courts have generally concluded that the conduct of the defendant sufficient to warrant termination should include more than mere compliance with the conditions of supervised release, as that is what is expected of all persons on supervision. United States v. Terry, No. 18-CR-163, 2024 U.S. Dist. LEXIS 92410, at *8 (E.D. Wis. May 22, 2024); see also United States v. Taylor, 729 Fed. Appx. 474, 475 (7th Cir. 2018) ("[M]ere compliance with the terms of supervised release is expected, and without more, insufficient to justify early termination under 18 U.S.C. § 3583(e)."). Courts have tended to grant early termination in cases involving some new or unforeseen circumstance, which may include exceptionally good behavior, or where continued supervision would hinder rather than foster the defendant's rehabilitation. Terry, 2024 U.S. Dist. LEXIS 92410, at *8. The defendant bears the burden of demonstrating that early termination is warranted. Id. at *9. The court need not hold a hearing before denying a request for early termination. Id.

2

**III.**

Defendant fails to acknowledge the serious violations alleged in the February 2026 report, for which he is currently detained and awaiting trial in state court. I have issued a warrant to act as a detainer ensuring that defendant be returned to this court to show cause as to why his supervised release should not be revoked.

But even setting those allegations aside, defendant fails to make a plausible case for early termination. His bare assertion that he has followed the rules and worked to live a stable and productive life is insufficient. Defendant makes no claim that federal supervision interferes with his rehabilitation, or that some new or unforeseen circumstance otherwise supports early termination.

The pertinent sentencing factors under 18 U.S.C. § 3553(a) also weigh against early termination. Defendant participated in a large-scale drug trafficking operation, as charged in the underlying case. See 18 U.S.C. § 3553(a)(1). He also has a serious prior record, including juvenile adjudications for disorderly conduct and marijuana possession, and adult convictions for cocaine possession, discharging bodily fluid on a corrections officer, obstructing, disorderly conduct, and second degree reckless homicide. He was serving a 15-year state prison sentence for the homicide at the time of his original sentencing in this case. Given defendant's record, early termination would not be consistent with the need to protect the public and deter. See 18 U.S.C. §§ 3553(a)(2)(B), (C). Finally, both the original PSR and the post-release compliance reports suggest that defendant has substance abuse issues, making early termination inconsistent with the need to provide for correctional treatment. See 18 U.S.C. § 3553(a)(2)(D).

3

**IV.**

**THEREFORE, IT IS ORDERED** that defendant's motion for early termination (R. 1756) is denied.

Dated at Milwaukee, Wisconsin this 2nd day of April, 2026.

/s/ Lynn Adelman
LYNN ADELMAN
District Judge

4